UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALI NASER MUAALLA,

    Defendant.
                                      /

Case No. 17-cr-20434

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE [#50]**

**I. INTRODUCTION**

On January 16, 2018, Defendant Ali Naser Muaalla pled guilty to one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371. Dkt. No. 28. Thereafter, he was sentenced to a twenty-four-month term of imprisonment. *See* Dkt. No. 51, pp. 11-13 (Pg. ID 345-47). Defendant now moves to vacate that sentence pursuant to 28 U.S.C. § 2255, asserting his trial counsel was ineffective by not investigating and presenting, for mitigation purposes, evidence of his prisoner of war status. *See* Dkt. No. 50.

Present before the Court is Defendant's Motion to Vacate Judgment. *Id.* Upon review of the briefs, the Court finds that the matter can be resolved without a

hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will DENY the Motion [#50].

## II. LEGAL STANDARD

28 U.S.C. § 2255 provides prisoners with a mechanism to raise collateral attacks on their sentence. *See* 28 U.S.C. § 2255(a). Unless the prisoner's motion conclusively shows that they are entitled to no relief, the court shall notify and serve the United States attorney, grant a prompt hearing, and determine the issues -- making findings of fact and conclusions of law. *See* 28 U.S.C. § 225(b). If the court finds that a judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner such as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. *See id.*

## III. DISCUSSION

Defendant asks the Court to set aside and/or resentence him on grounds of ineffective assistance of counsel. Specifically, Defendant contends that his trial counsel failed to present the Court with evidence that he was held as a political prisoner in Iraq for 4.5 years after he was discovered assisting refugees as a

member of the Iraqi Army. Defendant argues that if counsel had presented such evidence, this may have altered the Court's sentencing decision.

To establish a claim for ineffective assistance of counsel, a defendant must show that (1) her attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that this deficiency prejudiced the outcome. *See Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985); *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004); *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) ("More specific guidelines are not appropriate."). "Unless a defendant makes both showings, it cannot be said that the conviction or [sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687. The Sixth Circuit has instructed reviewing courts to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997) (quoting *Strickland*, 466 U.S. at 689).

Here, Defendant has failed to satisfy the first prong of the ineffective assistance of counsel inquiry. Critically, there is no indication that counsel was aware of the time Defendant spent as a political prisoner. Indeed, Defendant told his probation officer that "he completed his [military] duty without any major issues or disciplinary action." *See* Presentence Investigation Report (Pg. 8).

Because it does not appear that counsel had reason to know of this information, he could not be expected to further investigate and/or present this information to the Court. For that reason, counsel's representation did not fall below an objective standard of reasonableness.

Moreover, even if counsel was aware of this information, Defendant has not demonstrated a reasonable probability that his proceedings were prejudiced by this omission. Certainly, his time as a political prisoner in Iraq had no effect on his sentencing guidelines range, which was thirty-three to forty-one months. *See* Dkt. No. 51, p. 11 (Pg. ID 345). In fact, Defendant was sentenced to a term of imprisonment well below the bottom end of that range. Furthermore, Defendant's Iraqi incarceration occurred over thirty years ago. *See* Dkt. No. 50, p. 8 (Pg. ID 325). Since then, he has become a United State citizen and has resided in this country for over twenty years. *See* Presentence Investigation Report (Pg. 7). It is therefore speculative, at best, that presenting the Court with evidence of such a remote event would have resulted in a more lenient sentence than what he received. *See Strickland*, 466 U.S. 668, 693 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."). Accordingly, Defendant has failed to establish a meritorious ineffective assistance of counsel claim.

## IV. Conclusion

For the reasons stated herein, the Court will DENY Defendant's Motion to Vacate Sentence [#50]. The Court will also DENY Defendant a Certificate of Appealability because no reasonable jurist could question or disagree with the above findings and conclusions. *See* Rule 11 of Rules Governing Section 2254 and 2255 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."); 28 U.S.C. § 2253(c)(2) (A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A petitioner must show "that reasonable jurists could debate whether (or, for the matter, agree that) the petition should have been resolved in a different manner or that the issues present were adequate to deserve encouragement to proceed further.").

IT IS SO ORDERED.

Dated: July 15, 2019

                                                                 s/Gershwin A. Drain
                                                                 HON. GERSHWIN A. DRAIN
                                                                 United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 15, 2019, by electronic and/or ordinary mail.

                                          s/Teresa McGovern
                                          Case Manager